IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| EDWIN ALSTON, # 248319, | ) Civil Action No. 3:04-23395-GRA-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JOHN OZMINT, DIRECTOR OF SCDC; | ) |
| MAJOR BRACEY OF SCDC'S RED TEAM; | ) |
| AND | ) |
| OFFICER NFN MAZE OF ALLENDALE | ) |
| CORRECTIONAL INSTITUTION, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) |
| | ) |

This action was filed by Plaintiff, pro se, in the Court of Common Pleas for the Fifth Judicial Circuit in Richland County, South Carolina. Plaintiff is an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections ("SCDC"). He alleges that Defendants used excessive force against him and were deliberately indifferent to his medical needs. On December 23, 2004, Defendants removed this action to this court.* Defendants also filed a motion to dismiss on that date. Defendants argue that this action should be dismissed because Plaintiff has not alleged that he has exhausted his administrative remedies. They also state that Plaintiff's complaint was clocked in less than thirty days later after the alleged incident, such that Plaintiff could not have had time to exhaust all of his administrative remedies. Because

---

*All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the court.

Plaintiff is proceeding pro se, he was advised on January 7, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Defendants' motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff did not file a response to the Roseboro order. The undersigned filed a second order on February 15, 2005, allowing Plaintiff an additional fifteen days in which to advise the Court whether he wished to continue to prosecute this action. He did not timely respond, and the undersigned recommended that this action be dismissed for Plaintiff's failure to prosecute pursuant to Federal Rule 41(b). Plaintiff filed a letter on March 10, 2005, in which he stated that during his recent transfer to another SCDC institution (Lieber Correctional Institution) his personal property was held by SCDC and he did not receive the Court's order until February 25, 2005. He requested a continuance until he was able to go to the law library. On March 17, 2005, the undersigned vacated the March 8, 2005 report and recommendation and directed Plaintiff to respond to Defendants' motion to dismiss on or before April 22, 2005. On April 1, 2005, Plaintiff filed a motion for appointment of counsel, but again failed to respond to Defendants' motion to dismiss.

It is recommended that this action be dismissed without prejudice for Plaintiff's failure to exhaust his administrative remedies. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). SCDC Policy GA-01.12 "Inmate Grievance System" provides that inmate complaints are grievable by inmates. In orders filed on May 9, 1996, this court certified that the inmate grievance procedure established by the SCDC met the standards

required by 42 U.S.C. § 1997e(a). See Orders filed in Misc. No. 3:96-MC-83-2 and Misc. No. 3:96-MC-84-2 (D.S.C. May 9, 1996), and SCDC Policy Statement 10.01 (May 1, 1996). In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the Prison Litigation Reform Act's ("PLRA") exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. The PLRA exhaustion requirement applies even if the relief sought in the civil action is not available in the administrative proceedings. Booth v. Churner, 532 U.S. 731, 741 (2001). Plaintiff has not alleged or shown that he has exhausted his available administrative remedies.

Alternatively, it is recommended that this action be dismissed without prejudice for Plaintiff's failure to prosecute. A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 108 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

 (1)   the degree of plaintiff's responsibility in failing to respond;

 (2)   the amount of prejudice to the defendant;

 (3)   the history of the plaintiff in proceeding in a dilatory manner; and

 (4)   the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, Plaintiff is proceeding pro se, so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no response has

been filed. Plaintiff has not responded to Defendant' motion to dismiss. No other reasonable sanctions are available.

## CONCLUSION

Based on review of the record, it is recommended that Defendants' motion to dismiss (Doc. 3) be granted.

Respectfully submitted,

Joseph R. McCrorey

May 16, 2005

Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
# &
# The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the period for filing objections, **but *not* thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**1845 Assembly Street**
**Columbia, South Carolina 29201**