UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Edwin Alston, #248319<br><br>              Plaintiff,<br><br>v.<br><br>Jon Ozmint, Director of SCDC; Major Bracey of SCDC's Red Team; and Officer NFN Maze of Allendale Correctional Institution,<br><br>              Defendants. | C/A No. 3:04-23395-GRA-JRM<br><br>ORDER<br>(Written Opinion) |

This matter is before the Court for a review of the magistrate's Report and Recommendation filed on May 16, 2005, and made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(d), D.S.C. Plaintiff filed this action seeking relief pursuant to 42 U.S.C. § 1983. On December 23, 2004, the defendants removed the case to federal court, concurrently filing a motion to dismiss. On January 7, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately to the defendants' motion. The plaintiff did not respond. The magistrate filed a second order on February 15, 2005, giving the plaintiff an additional fifteen days in which to file his response to the motion to dismiss. The plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. On March 10, 2005, the plaintiff responded to the February 15 Order, stating that he did want to continue the action. On March 17, 2005, the magistrate gave the plaintiff until April 22, 2005 to respond to the motion to dismiss. Receiving no response, the magistrate issued a Report

1

and Recommendation, which, in the alternative,[1] recommended dismissal for failure to prosecute.

Plaintiff brings this action *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Objections to the Report and Recommendation have not been filed.

---

[1] The other basis for dismissal was the plaintiff's failure to allege exhaustion of administrative remedies. However, this Court is aware of the Fourth Circuit's opinion in *Anderson v. XYZ Correctional Health Services*, 02-1045 (2005), and thus does not rely on the exhaustion argument in ordering dismissal.

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon the proper law. Accordingly, the alternative portion of the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that this action be DISMISSED for lack of prosecution.

IT IS SO ORDERED.

                                              G. ROSS ANDERSON, JR.
                                              UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

July   5  , 2005

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.